**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Andrew Preuher<br>Margaret Browning<br><br>Plaintiff | ) ) ) ) ) ) | Case No.<br><br><br>COMPLAINT |
| v. Seterus, LLC<br>14523 SW Millikan Way Ste 200<br>Beaverton, OR 97005-2352<br>Defendant | ) ) ) ) ) | July Demand Requested |

**COMPLAINT**

Now come Plaintiffs, by and through their attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Andrew Preuher and Monica Browning (a married couple), bring this action to secure redress from unlawful collection practices engaged in by Defendant, Seterus, LLC. Plaintiff alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e, 1692f, and 1692g

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

4. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the

public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiffs incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

8. Plaintiffs are residents of the State of Illinois.

9. Defendant ("Seterus, LLC"), is an Oregon business entity with an address of14523 SW Millikan Way Ste 200, Beaverton, OR 97005-2352 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

10. Unless otherwise stated herein, the term "Defendant" shall refer to Seterus, LLC.

11. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

12. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

13. The Debt arose from services provided by the Creditor which were

primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

14. Plaintiffs filed for Chapter 13 Bankruptcy on June 21, 2012.
15. Debtors' Chapter 13 Plan was Confirmed on October 4, 2012, making clear that Debtors were Surrendering the House to the Bank and the Debtors had no interest in retaining said property.
16. After the filing of this Bankruptcy Debtor Plaintiffs' original mortgage loan note was transferred to Defendant at a time when Plaintiff was in default for their mortgage.
17. On July 24, 2014, Defendant sent a collection letter to Plaintiff. See Exhibit A.
18. Plaintiffs maintain that this is the first and only letter that they received from Defendant.
19. The letter stated that Plaintiffs must either provide proof of insurance for the real estate or "You will be charged for the cost of the insurance if we do not receive adequate proof of coverage within 15 days of this letter." See Exhibit A.
20. Furthermore, said letter reminds Plaintiffs that their original loan agreement required them to maintain real estate insurance. See Exhibit A.
21. Defendant told counsel for the Plaintiffs that it has been aware of Plaintiffs' Bankruptcy status since June, 2014.
22. The Automatic Stay 11 U.S.C. Section 362 makes clear that a creditor can never seek funds from the Bankruptcy estate for a pre-petition obligation.
23. The Automatic Stay under 11 U.S.C. Section 362 also makes clear that a Creditor can never collect on a pre-petition debt during the Bankruptcy.

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS

24. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

25. Defendant violated 15.U.S.C. Section 1692g by not including the required language set forth in Section 1692g(a) also known as the "Mini-Miranda warnings."

26. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiffs, even though it actually knew that the Plaintiffs were retained by an Attorney.

27. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.

**ILLINOIS COLLECTION AGENCY ACT**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).

30. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

31. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

32. The Defendant's conduct violated 225 ILCS 425/9.2(a)(2) in that it contacted the Plaintiffs directly in spite of knowing that Plaintiff was represented by Counsel.

33. The Defendant's conduct violated 225 ILCS 425/9(a)(20) in that it attempted to enforce it's right to collect on a debt that it knew or should have known was not legally enforceable.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

**JURY DEMAND**

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36, Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of the Plaintiffs and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff