IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANDREW PREUHER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 14 C 6140 |
| | ) | |
| SETERUS, LLC, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Seterus, Inc. (sued as Seterus, LLC) moves to dismiss Andrew Preuher and Margaret Browning's Complaint under Federal Rule of Civil Procedure 12(b)(6). The Complaint (Dkt. No. 1) contains two counts alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. Plaintiffs do not oppose the motion to dismiss their ICAA claim. (Dkt. No. 15 pp. 7-8). The FDCPA allegations stem from a single letter (the "Hazard Letter") that Seterus, a debt servicing firm, sent to Plaintiffs advising them of their obligation to purchase hazard insurance for a property securing a mortgage that Seterus held. Plaintiffs argue that the Hazard Letter violated the FDCPA because it failed to include the information required under § 1692g, was sent at a time that Seterus had actual knowledge that Plaintiffs were represented by counsel in violation of § 1692c, and attempted to collect a debt that Seterus had no legal right to collect in violation of § 1692e. Seterus counters that it did not send the Hazard Letter to Plaintiffs in connection with an effort to collect a debt and thus it is not subject to the restrictions of the FDCPA. For the reasons stated below, the motion to dismiss is granted and the Complaint is dismissed.

## BACKGROUND

The Court treats the following allegations from the Complaint as true for the purposes of this motion. *See Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 255 (7th Cir. 2014).

At some point prior to June 2012, Plaintiffs incurred a debt, apparently a mortgage loan. (Compl. ¶¶ 7, 16). Plaintiffs subsequently defaulted on the mortgage and the note was transferred to Seterus for servicing. (*Id.* ¶ 16). On June 21, 2012 Plaintiffs filed for Chapter 13 Bankruptcy Protection and a Bankruptcy Plan was confirmed on October 4, 2012. (*Id.* ¶ 14-15). On July 24, 2014 Seterus sent the Hazard Letter to Plaintiffs advising them that they were obligated to carry hazard insurance coverage on the property securing the mortgage. (*Id.* ¶ 17). The letter stated: "Your loan agreement requires that you maintain adequate hazard insurance at all times. . . You will be charged for the cost of this insurance if we do not receive adequate proof of coverage within 15 days from the date of this letter." (*Id.* Ex. A). The letter also contained a statement qualifying that assertion: "IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL OR FOR INFORMATIONAL PURPOSES ONLY." (*Id.*). The Hazard Letter was the only communication that Plaintiffs received from Seterus. (*Id.* ¶ 18).

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2014). In addition to the complaint itself, the Court may consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). To the extent that these additional

documents contradict allegations stated in the complaint, the documents take precedence. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). A complaint must state a claim to relief that is plausible on its face in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Yeftich*, 722 F.3d at 915. A claim is plausible on its face when the allegations in the complaint support a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Claims that do not raise a right to relief above the speculative level are subject to dismissal under Rule 12(b)(6). *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## **DISCUSSION**

Plaintiffs allege that Seterus's conduct violated three subsections of the FDCPA, namely 15 U.S.C. §§ 1692g, 1692c, and 1692e. (Compl. ¶¶ 25-27). As a threshold matter, the FDCPA regulates a communication from a debt collector only if the communication is made "in connection with the collection of any debt." *See* 15 U.S.C. 1692; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010). There is no bright line test to determine whether a communication is made in connection with the collection of a debt. *See id.* at 384. Rather, courts weigh several factors to determine whether a communication is made in connection with the collection of a debt. Specifically, the Court must weigh the presence or absence of a demand for payment, the nature of the parties' relationship, and the purpose and context of the communications. *Id.* at 385 (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 799 (7th Cir. 2009)). A communication may be in connection with the collection of a debt even if it does not directly demand payment. *Gburek*, 614 F.3d at 385. That a communication includes payment dates that are prospective and warns about the consequences of missing such dates suggests that the communication is not made in connection with the collection of a debt. *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 389 (7th Cir. 1998); *see also McCready v. Jacobsen*, No. 06-2443, 2007 WL 1224616 (7th Cir. Apr. 25, 2007) (unpublished)). In the context of a motion to

3

dismiss, the Court must decide whether the Complaint and the contents of the Hazard Letter sufficiently allege that the communication was made in connection with the collection of a debt. *Gburek*, 614 F.3d at 386 ("we need only determine whether [the plaintiff's] allegations – including the contents of the letters she attached to her complaint – are sufficient to survive [the defendant's] motion to dismiss").

Taken together, the Complaint and the Hazard Letter[1] fail to allege facts sufficient to show that the Hazard Letter was sent in connection with the collection of a debt. While Seterus does not dispute that it is a debt collector, this characterization does not require the conclusion that the Hazard Letter was sent in connection with the collection of a debt. *See Gburek*, 614 F.3d at 384-85 (The FDCPA "does not apply to every communication between a debt collector and a debtor") (citing *Bailey*, 154 F.3d at 388). Instead, it is necessary to balance the factors described above to determine whether the Hazard Letter was sent in connection with the collection of a debt.

The relevant factors weigh decisively in favor of the conclusion that the communication was not made in connection with the collection of a debt. First, the Letter does not contain a demand for payment. While not dispositive, the absence of a demand for payment is relevant to the Court's determination. *Gburek*, 614 F.3d at 385 (absence of demand for payment was one of several relevant factors). The Hazard Letter stated that the mortgage agreement required the

---

[1] In addition to the Complaint, it is appropriate to consider the entirety of the four-page Hazard Letter in spite of the fact that Plaintiffs attached only page three to the Complaint. The Court may consider the entire letter in ruling on the current motion to dismiss because the letter was "central to the complaint and [was] referred to in it." *Williamson*, 714 F.3d at 436. Plaintiffs not only attached a portion of the Hazard Letter to the Complaint, but have relied on the entirety of its contents in order to support their claims. Plaintiffs attached the entire Hazard Letter to their response in opposition to the motion to dismiss. (*See* Dkt. No. 12 Ex. A). Moreover, there is no allegation from either party that the entire four page letter attached to Plaintiffs' response is not authentic. *Cf. id.* (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009)).

4

property securing the loan to be insured. (*See* Dkt. No. 12 Ex. A). It further advised that if Plaintiffs did not purchase insurance for the property, Seterus would insure the property and the cost of that insurance would be added to the balance on their loan. The Hazard Letter did not demand payment, but instead advised that Plaintiffs "*will be charged*" if Seterus did not receive confirmation of insurance coverage on the property. (*Id.*) (emphasis in original). The Hazard Letter "simply warned the debtor of the consequences of missing a future" payment. *Gburek*, 614 F.3d 380 at 384 (citing *Bailey*, 154 F.3d at 389) ("A warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstance wherein payments are missed and a real dun must be mailed.").

Second, the purpose and context of the communication suggests that it was not an effort to collect a debt. Seterus sent the Hazard Letter not to collect a debt, but to order to comply with 12 C.F.R. § 1024.37(e), which required it to provide notice to the Plaintiffs before purchasing hazard insurance and billing it to Plaintiffs. The content of the Hazard Letter bolsters the conclusion that it was sent for a purpose other than debt collection. The Hazard Letter does not discuss a balance due on the underlying mortgage loan or discuss ways to settle that balance. *Cf. Gburek*, 614 F.3d at 386 (letter discussing "foreclosure alternatives" but not demanding immediate payment was in connection with collection of debt). Indeed, the Hazard Letter did not specify whether a balance existed on the mortgage loan at all. No other documents accompanied the Hazard Letter that might have provided suggestive context or changed the apparent purpose for which the Hazard Letter was sent. *Cf. Ruth*, 577 F.3d at 799 (document otherwise unconnected to debt was sent in connection with collection of debt when it accompanied a

collection letter). The purpose and context of the Hazard Letter demonstrate that it was not sent in connection with the collection of any debt.

Because the Letter was not sent in connection with the collection of a debt, it is not subject to the FDCPA. Plaintiffs have therefore not stated a claim for relief under the FDCPA.

## **CONCLUSION**

For the reasons stated herein, the motion to dismiss is granted.

_____
Virgi
United States District Court Judge
Northern District of Illinois

Date: December 11, 2014